692 N.W.2d 834 (2005)
472 Mich. 1207
In re The Honorable Marion MOORE, Judge, 36th District Court, Detroit, Michigan 48226.
Docket No. 127163 (7). JTC: Formal Complaint No. 76.
Supreme Court of Michigan.
March 10, 2005.
On order of the Court, the Judicial Tenure Commission has issued a Decision and Recommendation for Discipline, and the Honorable Marion Moore has consented to the Commission's findings of fact, conclusions of law and recommendation of public censure.
As we conduct our de novo review of this matter, we are mindful of the standards set forth in In re Brown, 461 Mich. 1291, 1292-1293, 625 N.W.2d 744 (2000):
[E]verything else being equal:
(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
(2) misconduct on the bench is usually more serious than the same misconduct off the bench;
(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.
The JTC should consider these and other appropriate standards that it may develop in its expertise, when it offers its recommendations.
In this case those standards are being applied to the following findings and conclusions of the Judicial Tenure Commission, which we adopt as our own:
1. Respondent at all relevant times has been a judge of the 36th District Court, City of Detroit, Wayne County, Michigan.
2. Respondent was the 36th District Court judge assigned to People v. Senszyszyn, 36th District Court Case No. U-938769 ("Senszyszyn"), which involves a claim that the defendant improperly operated his taxi cab with a passenger in the front seat, and the rear seat unoccupied.
3. As the judge presiding over the case, Respondent adjourned it numerous times, including some occasions without conducting any court proceeding and others where only some minimal event occurred.
4. Respondent conducted the arraignment on November 4, 2002, and scheduled a final settlement conference for January 21, 2003.
5. On January 21, 2003, the defendant appeared for the final settlement conference. For some unknown reason, Respondent adjourned the conference to January 30.

*835 6. Respondent again adjourned the proceedings scheduled for January 30, 2003, which were also described as a "final settlement conference," without an explanation noted in the file. It appears the new scheduled date was March 19, 2003.
7. On March 7, 2003, Respondent adjourned the "final settlement conference" scheduled for March 19 to May 21, 2003, with the only explanation being a note written in the court file stating "judge not available."
8. On May 21, 2003, the "final settlement conference" was held, but Respondent once again adjourned the case, and a special hearing date was scheduled for July 24, 2003, to allow the parties to insure that the exhibits for trial were properly marked.
9. The matter was re-scheduled for September 9, 2003.
10. On September 9, 2003, the proceedings were adjourned based on Respondent's order for the defendant to undergo a competency evaluation.
11. As revealed by a notation in the court file, the results of the competency evaluation were received on October 27, 2003.
12. On November 10, 2003, Respondent adjourned the competency hearing because her "docket [was] to (sic) heavy," as reflected by a note in the court file.
13. As of that hearing date, over a year had passed since the defendant had been arraigned.
14. Respondent's staff scheduled a jury trial for February 16, 2004, almost three months from the hearing date and over 15 months since the arraignment.
15. On November 18, 2003, Respondent's staff adjourned the trial date an additional three weeks to March 9, 2004, as February 16 was a court holiday.
16. Respondent was on vacation during the month of March 2004, and the trial was adjourned in Respondent's absence by Hon. Nancy A. Farmer until April 12, 2004.
17. On April 12, 2004, Respondent adjourned the trial date until May 18, without explanation.
18. Respondent recused herself from the case in May 2004 upon notice of the Judicial Tenure Commission's investigation, at which time 18 months had passed after the arraignment, and a trial had not occurred.
These standards set forth in Brown are also being applied to the conclusion of the Judicial Tenure Commission, which we adopt as our own:
Respondent's conduct as admitted and described above constitutes:
(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended, and MCR 9.205;
(c) Persistent failure to perform judicial duties, as defined by the Michigan Constitution of 1963, Article VI, § 30, as amended and MCR 9.205;
(d) Persistent neglect in the timely performance of judicial duties, contrary to MCR 9.205(B)(1)(b);
(e) Failure to conduct oneself at all times in a manner which would enhance the public's confidence in the integrity of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;
(f) Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may *836 be preserved, contrary to the Code of Judicial Conduct, Canon 1; and
(g) Conduct violative of MCR 9.104(1), and (2) in that such conduct:
(1) is prejudicial to the proper administration of justice; and
(2) exposes the legal profession or the courts to obloquy, contempt, censure or reproach.
After reviewing the Recommendation of the Judicial Tenure Commission, the respondent's consent, the standards set forth in Brown, and the above findings and conclusions, we order that the Honorable Marion Moore be publicly censured. This order stands as our public censure.